Kathleen Wirsing, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; Automatic Timing & Controls Co. (ATC), Intervenor.

Argued March 9, 1979, before Judges CRUMLISH, JR., DISALLE and CRAIG, sitting as a panel of three.

*David Gray*, with him *Quinlan, Painter & Gray*, for petitioner.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Edward G. Biester, Jr.*, Attorney General, for respondent.

*Judith G. Eagle*, with her *James T. Lynn, III*, and *Obermayer, Rebmann, Maxwell & Hippel*, for intervenor.

OPINION BY JUDGE DiSALLE, June 8, 1979:

Kathleen Wirsing (Claimant) appeals from a denial of unemployment compensation benefits on the grounds that she voluntarily terminated her employment relationship without necessitous and compelling reasons.

Claimant worked for Automatic Timing & Control Co. (Employer) for approximately 10 years. On July 1, 1976, she requested and was granted a leave of absence until August 2, 1976, to care for her grandchildren during her daughter's illness. Several days before she was to return to work, she requested and received an extension of her leave until August 13, 1976. Employer advised her at that time, however, that she would be granted no further extensions. Claimant failed to report to work on August 13, and was informed several days later that she was considered to have terminated her employment.

The referee denied benefits under Section 402(b) (1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), reasoning that Claimant voluntarily ceased work without necessitous and compelling reasons. The Unemployment Compen-

sation Board of Review (Board) affirmed the referee but modified the decision, holding Claimant ineligible under Section 402(b)(2)(II) of the Act, 43 P.S. §802 (b)(2)(II), the domestic quit section. That section disqualifies anyone who voluntarily leaves work "because of a marital, filial or other domestic obligation or circumstances."

Claimant argues that the referee, and subsequently, the Board, erred in applying Section 402(b). She claims that she did not quit voluntarily but that she was fired, and that Employer bears the burden of proving wilful misconduct.

We find sufficient competent evidence to justify the referee's conclusion that Claimant voluntarily quit work. She simply failed to return to her job after being told that Employer would grant her no further leave of absence. While the exact nature of her discharge is unclear, we cannot disturb the referee's findings when substantial evidence exists to support them.

Since Claimant voluntarily quit work for domestic reasons, she would seem to be ineligible under Section 402(b)(2)(II) of the Act. However, in *Wallace v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978), we declared that section unconstitutional. In light of that decision, we must reverse the Board in this case and remand for a redetermination of eligibility under Section 402(b)(1) of the Act.

## ORDER

AND Now, this 8th day of June, 1979, the order of the Unemployment Compensation Board of Review, dated August 30, 1977, denying benefits to Kathleen Wirsing, is hereby reversed, and the case is remanded to the Board for a redetermination of eligibility under Section 402(b)(1) of the Unemployment Compensation Law.